[32 NYS3d 539]

In the Matter of RAYMOND SHANLEY, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 10, 2016

## APPEARANCES OF COUNSEL

*Mary E. Gasparini, Principal Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*Raymond Shanley,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, First Department, on February 29, 1988, and formerly maintained an office in Utica. In March 2015, the Grievance Committee filed a petition containing three charges of misconduct against respondent, including neglecting client matters, failing to refund unearned legal fees, and failing to cooperate with the investigation of the Grievance Committee. Respondent failed to respond to the petition or to comply with subsequent directives of this Court regarding his default and, by order entered May 14, 2015, this Court suspended him from the practice of law until further order of the Court. In July 2015, the Grievance Committee filed a supplemental petition containing 11 charges of misconduct against respondent, including neglecting client matters, failing to keep clients informed about their matters, misappropriating client funds, and failing to register as an attorney. Respondent thereafter filed an answer to the petition and supplemental petition wherein he denied material allegations concerning the charges, and this Court appointed a referee to conduct a hearing. During the proceeding before the Referee, the Grievance Commit-

tee withdrew one charge, and the parties entered into a stipulation resolving all factual issues with respect to the remaining charges. The Referee has filed a report setting forth factual findings and sustaining the remaining charges. The Grievance Committee moves to confirm the report of the Referee and, in response to the motion, respondent submitted matters in mitigation. He thereafter appeared before this Court and was heard in mitigation.

The Referee found that respondent neglected numerous client matters, failed to respond to inquiries from clients concerning their matters, and made misrepresentations to certain clients about the status of their matters. The Referee additionally found that respondent accepted retainer fees from several clients and failed to complete the work for which he was retained or to refund unearned legal fees. The Referee also found that respondent misappropriated funds from certain clients when he accepted funds for anticipated costs or disbursements and failed to maintain the funds in an attorney trust account or otherwise to safeguard the funds. The Referee further found that respondent failed to comply with attorney registration requirements and, with respect to certain client matters, he failed to provide the clients with a statement of client's rights, a written retainer agreement, or billing statements at regular intervals as required by the Appellate Division rules governing domestic relations matters. Finally, the Referee found that respondent failed to respond to inquiries from the Grievance Committee concerning the client complaints that gave rise to the charges herein.

Inasmuch as the factual findings of the Referee are supported by the record, we grant the Grievance Committee's motion to confirm them, find respondent guilty of professional misconduct, and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):

rule 1.1 (a)—failing to provide competent representation to a client;

rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;

rule 1.3 (b)—neglecting a legal matter entrusted to him;

rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;

rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;

rule 1.5 (d) (5) (ii)—entering into an arrangement for, charging, or collecting a fee in a domestic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

rule 1.5 (e)—failing to provide a prospective client in a domestic relations matter with a statement of client's rights and responsibilities at the initial conference and prior to the signing of a written retainer agreement;

rule 1.15 (a)—misappropriating funds belonging to another person and commingling personal funds with such funds;

rule 1.15 (b) (1)—failing to maintain in a special account separate from his business or personal accounts all funds belonging to another person that came into his possession incident to his practice of law;

rule 1.16 (e)—failing to refund promptly any part of a fee paid in advance that has not been earned;

rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.

Although the Referee made an advisory finding that respondent has violated certain other disciplinary rules, we decline to sustain those violations inasmuch as they are not supported by the record.

We additionally conclude that respondent has violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements and has violated 22 NYCRR part 1400 by failing to provide clients in domestic relations matters with a statement of client's rights, a written retainer agreement, or itemized billing statements at regular intervals.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including his expression of remorse and his statement that the misconduct occurred at a time when he was suffering from alcohol and substance abuse, for which he has since sought treatment. We have additionally considered the numerous letters of support submitted by individuals attesting to respondent's good character. Finally, we have considered his statement that, in

the event this Court reinstates him to the practice of law, he will engage a mentor attorney to provide ongoing guidance and support regarding such practice. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of two years, effective May 14, 2015, and until further order of this Court. We direct, however, that the remaining period of suspension be stayed on condition that respondent comply with the terms of the order entered herewith, including that he repay all funds owed to clients, participate in a monitoring program approved by the Court for alcohol and substance abuse, complete eight credit hours of continuing legal education concerning legal ethics, and provide to the Grievance Committee quarterly reports from the mentor attorney confirming that respondent is implementing all recommendations of the mentor attorney. In addition, we grant the requests of the Grievance Committee for an order, pursuant to Judiciary Law § 90 (6-a), directing respondent to make restitution to four former clients whose funds were misappropriated. Finally, the Grievance Committee shall report to this Court any substantial failure by respondent to comply with the terms of the order entered herewith, whereupon the Grievance Committee may make a motion before this Court to vacate the stay of the suspension.

CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN and SCUDDER, JJ., concur.

Final order of suspension entered.